UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO PEREA, individually and on behalf of others similarly situated, </br></br> PLAINTIFF, </br></br> v. </br></br> DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC, </br></br> DEFENDANTS. | Civil Action No. </br></br> Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff Mario Perea, by his attorneys, The Law Office of M. Kris Kasalo, Ltd., states as follows for his Class Action Complaint against Defendants Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC:

**NATURE OF THE CASE**

1. This is a consumer class action based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Specifically, Defendants sent a letter to Plaintiff and other putative class members seeking to collect on alleged time-barred debt without disclosing: that Pinnacle Credit Services, LLC could not sue on the alleged debt because it is time barred, that making even a partial payment on the alleged debt would revive the ability to sue on the alleged debt, or that Pinnacle Credit Services, LLC may not, by law, communicate or "report" any information regarding the alleged debt to a credit bureau because of the age of the debt, which was too old to legally be reported at the time the letter was mailed to Plaintiff.

**PARTIES**

2. Plaintiff is an individual and natural person who resides in this District, and is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendant sought to collect from him is a consumer debt, incurred for personal, family and household purposes and allegedly owed originally to Chase Bank USA, N.A. ("Chase"). Specifically, Plaintiff made purchases on a credit card for items such as food, gas, and household goods, none of which were incurred in connection with any business purpose.

3. Defendant Dynamic Recovery Solutions, LLC ("Dynamic") is a debt collector as that term is defined and understood under section 1692a(6) of the FDCPA, as it regularly collects or attempts to collect defaulted consumer debts on behalf of others via the mails and via telephone calls.

4. At all times relevant to the action, Dynamic was a South Carolina limited liability company with its principal place of business located at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

5. Dynamic has a website, http://drs.cssimpact.com/negotiator/, wherein consumers may log in with their account number and the last 4 numbers of their social security number, and may make a payment toward their alleged obligations.

6. Dynamic's website reads in part that "This communication is from a debt collector…".

7. Dynamic states on its letter mailed to Plaintiff, dated October 3, 2017, in part that "This is an attempt to collect a debt by a debt collector…" (Exhibit A, Letter).

8. At all times relevant to the action, Pinnacle Credit Services, LLC ("Pinnacle") was a limited liability company with its principal place of business located at 6801 S. Cimarron Rd.. Ste 424-L Las Vegas, NV 891130000.

9. Pinnacle is a third-party debt purchaser that is in the business of purchasing and collecting debts. Some of the debts purchased by Pinnacle include a debt allegedly owed by Plaintiff.

Pinnacle's principal purpose is the collection of defaulted consumer debts.

11. Pinnacle purchases defaulted consumer debts and attempts to collect them via: litigation, credit reporting via consumer credit reports, the mailing of letters, telephone calls, and placement with other debt collectors.

12. For the debts it can legally cause to be credit reported, each Defendant regularly communicate credit information to the TransUnion, Equifax and Experian consumer credit reporting agencies, whose headquarters are located in different states than each Defendant's principal places of business.

13. Defendants' agreements with each of the TransUnion, Equifax and Experian credit reporting agencies provides in part that Defendants will only cause *consumer* debts to be credit-reported.

14. Pinnacle previously caused information regarding Plaintiff's alleged debt to be reported on his credit report.

15. Pinnacle's principal purpose is the collection of defaulted consumer debts via interstate commerce as it derives almost all of its income from the collection of the said debts.

16. Pinnacle is thus a debt collector as that term is defined under section 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

18. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS

19. Plaintiff opened an account with Chase Bank USA, N.A. in connection with a consumer credit card issued to his name, on which he made consumer, non-business purchases of goods and services such as food, gas and household goods. ("alleged debt").

20. Plaintiff thereafter failed to continue making payments, and defaulted on the account.

21. Pinnacle asserts to have purchased the account after default.

22. Pinnacle thereafter hired Dynamic to collect the alleged debt, and Pinnacle authorized Dynamic to mail Plaintiff a letter in connection with the collection of the alleged debt.

23. On October 4, 2017, Dynamic mailed Plaintiff a letter ("Letter") seeking to collect on the alleged debt asserted to be owned by Pinnacle.

24. A true and correct copy of the Letter is attached as Exhibit A.

25. The Letter is a "communication" as that term is defined by § 1692a(2) of the FDCPA, as it was mailed in connection with the collection of the alleged debt.

26. The Letter reads in part as follows: **The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it and Pinnacle Credit Services, LLC will not report it to any credit reporting agency.** (Exhibit A, Letter).

27. The alleged debt is time-barred, as the statute of limitations period in Illinois for filing a lawsuit to collect on the alleged debt had already expired when Dynamic mailed the Letter.

28. The statement that Pinnacle "will not sue you" is misleading, confusing, and deceptive, and Plaintiff was confused when he received the Letter, as he was unaware of whether Pinnacle could legally sue him to collect the alleged debt if it changed its mind.

29. Plaintiff was also confused as to whether Pinnacle could legally cause the alleged debt to be reported on his credit report.

30. Dynamic attempted to coerce Plaintiff into paying the alleged debt via statements made and via information omitted in the Letter.

31. The Letter is a form letter.

32. The Letter directed Plaintiff to Dynamic's website, which is listed on the face of the Letter, and invited Plaintiff to "Make a One Time Payment in the amount of $".

33. Dynamic attempted to coerce Plaintiff to make a payment on its web site http://drs.cssimpact.com/negotiator/, by inviting Plaintiff to make a "One Time Payment".

34. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation*, 271 Ill.App. 271, 273 (4th Dist. 1933).

35. The Letter failed to disclose to Plaintiff that the alleged debt was time-barred by the relevant statute of limitations, 735 ILCS 5/13-205, and that Pinnacle could not legally sue Plaintiff to collect the alleged debt.

36. The Letter gave Plaintiff various options to settle the debt.

37. The Letter failed to disclose to Plaintiff that if he paid anything toward the alleged debt, or even agreed to pay anything toward the alleged debt, the legal ability to sue on the alleged debt would be revived, thus restarting the statute of limitations.

38. The Letter failed to disclose that Plaintiff had the option to not pay Pinnacle because it could not take legal action to collect the alleged debt.

39. It is well-settled in Illinois that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

40. By failing to indicate that Pinnacle could not sue to collect the debt, and that payment toward the alleged debt could restart the statute of limitations, the Letter violates 15 U.S.C. §§1692e, 1692e(2), and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

41. Dynamic's statement that it "will not report" the alleged debt to any credit reporting agency is misleading, confusing, and deceptive.

42. Threats to report debts to credit reporting agencies where more than 7 years and 180 days have passed from the date of first delinquency has been held to be deceptive and unfair

in violation of the FDCPA. See Gonzales v. Arrow Financial Services, 660 F. 3d 1055, 1062 (9th Cir. 2011). Debts that are older than 7 years and 180 days from the date of first delinquency cannot be reported to a credit reporting agency. *Id*. at 1059.

43. The Letter falsely and deceptively suggests that Pinnacle has *elected* to not report information regarding the alleged debt to Plaintiff's credit, when in fact, Pinnacle *could not legally* cause the debt to be reported on Plaintiff's credit report.

44. Plaintiff was confused, irritated, and mislead by the information contained in the Letter, as the Letter did not inform Plaintiff that the alleged debt at issue was could not be sued upon and/or that payment of any amount would reset the statute of limitations, and the Letter also falsely suggested that credit information regarding the alleged debt may still be reported, though Pinnacle has currently chosen (out of the kindness of its heart) not to report any information at the time the Letter was mailed.

45. The language contained in Dynamic's Letter, reproduced in paragraph 26 above, is deceptive and misleading because it gives the impression that Pinnacle merely had chosen not to sue, as opposed to being prohibited by law from doing so.

46. Few consumers know about statutes of limitations or that in many states, including Illinois, making a partial payment on the debt or a promise to do so could result in a waiver of the defense. As a result, the 7th Circuit has held that without a clear warning about the defense, some consumers will choose to pay their stale debts not out of a moral obligation, but because they fear the consequences of not doing so. *Richardson v. LVNV Funding, LLC*, No. 16 C 9600, 2017 U.S. Dist. LEXIS 179746, at *7 (N.D. Ill. Oct. 31, 2017).

47. The language contained in Dynamic's Letter, reproduced in paragraph 26 above, is deceptive and misleading because it implies that Pinnacle merely had chosen not to report the alleged debt to a credit reporting agency, even though in fact it may not legally do so due to the advanced age of the alleged debt.

received could have been led to believe that his debt was legally enforceable. Fearing the consequences of not paying the debt, the misconception could influence the consumer to pay up, even though he preferred to ignore the Letter. Moreover, and more importantly, misconceptions about the enforceability of a time-barred debt could lure consumers into a *worse* legal position than had they done nothing. *Id*. at *12-13.

49. Dynamic's Letter contains materially deceptive, false and misleading statements, and an unsophisticated consumer could, in reliance on the information contained in the Letter, unwittingly decide to pay a debt that the consumer would not have paid had the consumer known that making a partial payment could reset the statute of limitations and/or known that the debt is too old to sue open, and/or known that the debt cannot be reported on his credit.

## COUNT I

### Violation of the FDCPA (Class)

50. Plaintiff incorporates herein by reference paragraphs 1-49.

51. Plaintiff brings this action individually and on behalf of the following putative Class:

> **All persons with Illinois addresses to whom Dynamic mailed, from October 3, 2017 through October 17, 2018, a letter on behalf of Pinnacle containing the following statement: "The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it and Pinnacle Credit Services, LLC will not report it to any credit reporting agency."**

52. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims. On information and belief, there are more than 1,000 persons meeting the above-referenced Class definition. Class members can be identified through Defendants' records.

53. Plaintiff's claims are typical of the claims of the Class members, as they are based on the same legal theory and arise from the same unlawful conduct.

54. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a. Whether Dynamic mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that Pinnacle could not sue to collect the alleged debt;

    b. Whether Dynamic mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that if alleged debtors made any payment toward the alleged debt, they would revive the legal ability to be sued on the alleged debt;

    c. Whether Dynamic mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that alleged debtors had the option of not paying anything toward the alleged debt without any legal repercussions;

    d. Whether Dynamic mailed form letters to persons with Illinois addresses that indicated that Pinnacle *will not* report a debt to any credit reporting agency, when in fact it *could not* report it as it was legally proscribed from doing so;

    e. Whether Dynamic's sending of the form letters violated the FDCPA.

55. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

56. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

57. 15 U.S.C. § 1692e(2) prohibits:

    **(2)**     **The false representation of—**

        **(A)**     **the character, amount, or legal status of any debt….**

58. The Letter violates 15 U.S.C. § 1692e and 1692e(2) because it falsely represents the character and legal status of the alleged debt.

59. 15 U.S.C. § 1692e(10) prohibits:

> **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

60. The Letter violates 15 U.S.C. § 1692e(10) because it uses false representations and deceptive means to attempt to collect the alleged debt, including but not limited to: deceptively refraining from communicating material information regarding the enforceability of the alleged debt, deceptively omitting that that a payment would reset the statute of limitations, and implicitly threatening that it may report information about the alleged debt beyond the time it can legally be reported, and/or beyond the date it intended to report the debt.

61. 15 U.S.C. § 1692f provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…

62. The Letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by failing to disclose that Pinnacle cannot legally sue to collect the alleged debt.

63. The Letter violates 15 U.S.C. § 1692f by failing to disclose that even a partial payment or promise to pay restarts the relevant statute of limitations.

64. The Letter violates 15 U.S.C. § 1692f by unfairly implying that Pinnacle has elected to not report the alleged debt to a credit reporting agency, instead of stating the truth, which is that Pinnacle is legally barred from reporting the alleged debt to any credit reporting agency due to the advanced age of the alleged debt.

65. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

66. Pinnacle is liable for the acts and omissions of Dynamic, committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman and Gullace, LLP*, 2016 U.S. App. LEXIS 6361.

67. Upon information and belief, Dynamic was at all times authorized to act on behalf of Pinnacle to attempt to collect the alleged debt from Plaintiff.

as Defendant's communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Defendants Dynamic Recovery Solutions, LLC, and Pinnacle Credit Services, LLC, and award the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) equal to any payments received by Dynamic in response to the Letter (or similar communication);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

c. Attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such further relief as this Court deems just and proper.


By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo


### JURY DEMAND

Plaintiff and the class demand a trial by jury.


Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo